UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

Case No. 8:11−bk−01274−KRM
Chapter 11

Hubbard Properties, LLC
150 John's Pass Boardwalk West
Madeira Beach, FL 33708

Debtor /

NOTICE OF ADMINISTRATIVE ORDER ESTABLISHING
INITIAL PROCEDURES IN CHAPTER 11 CASES
FILED IN THE UNITED STATES BANKRUPTCY COURT
OF THE MIDDLE DISTRICT OF FLORIDA

NOTICE TO DEBTOR AND DEBTOR'S ATTORNEY OF RECORD:

Your attention is directed to Administrative Order Establishing Initial Procedures in Chapter 11 Cases Filed in the Middle District of Florida, Administrative Order FLMB−2009−1, dated January 28, 2009, a copy of which is attached.

PLEASE GOVERN YOURSELVES ACCORDINGLY.

DATED on January 31, 2011 .

FOR THE COURT
Lee Ann Bennett , Clerk of Court

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

Administrative Order
FLMB−2009−1

ADMINISTRATIVE ORDER
ESTABLISHING INITIAL PROCEDURES
IN CHAPTER 11 CASES

ADMINISTRATIVE ORDER ESTABLISHING
INITIAL PROCEDURES IN CHAPTER 11 CASES
FILED IN THE UNITED STATES BANKRUPTCY COURT
OF THE MIDDLE DISTRICT OF FLORIDA

Chapter 11 cases typically are filed by active businesses with numerous employees and complex creditor relationships. To protect the interests of competing constituencies, the Court must give special attention to Chapter 11 cases shortly after the petition is filed.

At these early hearings, the Court must balance the various competing interests while striving to assure prompt attention to the debtor's reorganization effort. This order is entered to facilitate early hearings in all Chapter 11 cases filed in all divisions of the United States Bankruptcy Court of the Middle District of Florida.

***A. Operations−−Chapter 11 Case Management Summary***. The trustee or debtor−in−possession in a Chapter 11 case may operate the business of the debtor pursuant to 11 U.S.C. §§ 1108 and subject to any order of the Court specifying terms and conditions of the operation of the debtor's business. The Court and other parties must have prompt information about the debtor's operations. Accordingly, the debtor−in−possession is directed to file with the Court within the earlier of three business days following the petition date or the date of the first scheduled hearing, a Chapter 11 Case Management Summary providing the following information:

1. Description of the debtor's business;
2. Locations of debtor's operations and whether leased or owned;
3. Reasons for filing Chapter 11;
4. List of officers and directors, if applicable, and their salaries and benefits at the time of filing and during the 1 year prior to filing;
5. Debtor's annual gross revenues;
6. Amounts owed to various classes of creditors:
    a. Obligations owed to priority creditors such as governmental creditors for taxes,
    b. Identity, collateral, and amounts owed to secured creditors, and
    c. Amount of unsecured claims.
7. General description and approximate value of the debtor's current and fixed assets;
8. Number of employees and amounts of wages owed as of petition date;
9. Status of debtor's payroll and sales tax obligations, if applicable; and
10. Anticipated emergency relief to be requested within 14 days from the petition date.

***B. Employee Salaries***. Upon the filing of a Chapter 11 petition, all employees (including managers, agents, or officers who are not affiliates, within the meaning of 11 U.S.C. §§ 101(2)(A)), may be paid a salary and receive benefits accruing post−petition in the ordinary course of business. The Court may review, and grant appropriate relief, if such salaries or benefits are later determined to be unreasonable.

An officer, manager, or employee who also qualifies as an affiliate (collectively, "Affiliate Officer"), must file a motion and obtain Court approval of his or her salary and benefits, in advance of payment. Court authority for payment of any salary or benefits shall not constitute an assumption of any existing employment agreement. A motion for authority for the payment of any prepetition wages or for Affiliate Officer's salary may be filed pursuant to the expedited procedures set forth in section (C)

below. Authorization for payment may be retroactive to the petition date if the motion so requests.

***C. Expedited Motions***. The following motions shall be scheduled for hearing within three business days, if reasonably possible and if the motions are served electronically or by facsimile transmission.

***1. Motion Seeking Authority to Use Cash Collateral***. A motion seeking authority to use cash collateral pursuant to 11 U.S.C. §§ 363 shall comply with Bankruptcy Rule 4001(b) or (d) and include the following information:

a. Typical Terms. The motion to use cash collateral should include the following provisions:

(1) Identification of each secured creditor having a security interest in the cash collateral, the basis upon which each secured creditor is entitled to assert a security interest in the cash collateral, and the amount owed to each secured creditor;

(2) The type of adequate protection the debtor is offering each secured creditor (e.g., replacement lien, insurance);

(3) The amounts and types of cash collateral on the petition date;

(4) The amount of cash collateral which the debtor seeks authority to use from the date of the preliminary hearing on the motion through and until the final hearing on the motion, if the debtor seeks the use of cash collateral sooner than 15 days after service of the motion;

(5) A budget setting forth the projected cash flow of the debtor for the period of time for which the use of cash collateral is sought;

(6) Reasonable reporting requirements; and

(7) Provisions defining an event of default and consequences of default (e.g., the right to require the debtor to cease the use of cash collateral immediately upon default and obtain an expedited hearing to obtain appropriate relief).

b. Extraordinary Terms. The following provisions are considered extraordinary, must be detailed with specificity, and will generally not be approved absent compelling circumstances:

(1) Any cross−collateralization provision that would secure the repayment of pre−petition debt with post−petition assets;

(2) A waiver of any claims to include avoidance actions against any secured creditor;

(3) A waiver of any rights the estate may have under 11 U.S.C. §§ 506(c);

(4) Any factual stipulations or findings that bind the estate or parties in interest with respect to the validity, priority, and extent of secured creditor's liens;

(5) Immediate relief from stay under the order approving use of cash collateral or automatic relief from stay upon default;

(6) Granting of liens on avoidance action recoveries;

(7) Validation of any secured creditor's security interest in its collateral or within a limited period of time after the appointment of a committee pursuant to 11 U.S.C. §§ 1102; or

(8) Any subordination of administrative priority claims arising under 11 U.S.C. §§ 726(c);

***2. Motion for Approval of Post Petition Financing***. A motion seeking approval of post petition financing pursuant to 11 U.S.C. §§ 364 shall comply with Bankruptcy Rule 4001(c) and (d) and must include:

a. The identity of the proposed lender and its relationship to any of the parties;

b. The terms of the debt to be incurred ("DIP Loan") including:

(1) The collateral in which the lender is seeking to obtain a security interest and whether the lender is seeking to prime existing liens;

(2) The amount of the loan proposed to be extended by the lender;

(3) The applicable interest rate and all other charges to be made in connection with the DIP Loan; and

(4) The payment terms and duration of the DIP Loan of the proposed credit;

c. The amount of credit which the debtor seeks authority to obtain from the date of the preliminary hearing on the motion through and until the final hearing on the motion, if the debtor seeks authority to obtain credit sooner than 15 days after service of the motion. (The debtor shall attach a budget setting forth the projected cash flow of the debtor for the period of time for which the credit is sought);

d. The efforts made to obtain financing from other lenders;

e. The debtor's ability to repay the DIP Loan; and

f. The inclusion of any of the terms listed in C.1.b. above.

***3. Motion for Authority for the Payment of Prepetition Wages***. A motion seeking authority to pay employees of the debtor prepetition wages outstanding as of the petition date shall include a schedule setting forth:

a. The name of each employee to whom such wages are sought to be paid;

b. The amount due such employee(s) as of the petition date;

c. The amounts to be withheld from such wages, including all applicable payroll taxes and related benefits;

d. The period of time for which prepetition wages are due;

e. Whether the employee is presently employed by the debtor; and

f. Whether any of the employees are insiders as defined in 11 U.S.C. §§ 101(31).

The motion shall also include a representation by the debtor that all applicable payroll taxes and related benefits due to the debtor's employees will be paid concurrently with payment of the wages.

***4. Motion to Pay Critical Vendors***. A motion seeking authority to pay prepetition claims deemed critical by the debtor is deemed extraordinary, will generally not be approved absent compelling circumstances supported by evidentiary findings, and any relief granted will be tailored to do the least damage to the priority distribution scheme in the Bankruptcy Code. Any such motion shall include:

a. The schedule of the names of each claimant;

b. The amount due each claimant;

c. A description of the goods or services provided to the debtor by each claimant;

d. Facts and law supporting payment of the prepetition debt under the doctrine of necessity; and

e. Whether the claimant has made any concession or other agreement in consideration for the proposed payment, including the extension of postpetition trade credit.

***5. Motion for Authority to Maintain Prepetition Bank Accounts***. A motion seeking authority to maintain prepetition bank accounts shall include:

a. A schedule listing each prepetition bank account which the debtor seeks to maintain post petition;

b. The reason for seeking such authority;

c. The amount on deposit in each such account as of the petition date;

d. Whether the depository is an authorized depository pursuant to 11 U.S.C. §§ 345(b); and

e. A representation that the debtor has consulted with the Office of the United States Trustee regarding the continued maintenance of prepetition bank accounts and the United States Trustee has not consented to the proposed maintenance or use of such accounts.

If the debtor is unable to provide the foregoing information, the motion shall set forth the reason why such information is not available, and provide an estimate as to when the debtor will supplement its motion with such information.

***6. Motion for Authority to Pay Affiliate Officer Salaries***. A motion to pay, on an interim basis, the salary of any officer, manager, or employee, who also qualifies as an affiliate under 11 U.S.C. §§ 101(2)(A) shall include:

a. The name of the Affiliate Officer, the officer's position and job responsibilities;

b. The nature of the Affiliate Officer's relationship to the debtor;

c. The salary received by the Affiliate Officer during the 12 months prior to the filing of the debtor's Chapter 11 petition, including a description of any prepetition employment agreement;

d. A description of any services performed for any third party or compensation received or which will be received by the Affiliate Officer from any source other than the debtor−in−possession after the date of the petition;

e. The salary proposed to be paid to the Affiliate Officer, including all benefits; and

f. The amounts to be withheld from such salary of the Affiliate Officer, including all applicable payroll taxes and related benefits.

An interim order to authorize the payment of salaries to Affiliate Officers is subject to review or reconsideration at any time upon the motion of a party in interest or by the Court *sua sponte*.

***D. Use of Property***. Subject to the provisions of 11 U.S.C. §§§§ 363 and 365, the debtor−in−possession may use, sell, or lease property of the estate. The debtor−in−possession is authorized to pay all necessary and current expenses of operating its business, including tax and lease payments, to the extent that such payments are necessary to preserve the assets or operate the business and provided that the payments are for only the postpetition period.

***E. Bank Accounts***. The debtor−in−possession, consistent with 11 U.S.C. §§ 345, is authorized to open and maintain bank accounts for the deposit, investment, and disbursement of monies of the estate; provided, however, that the debtor−in−possession shall segregate all monies withheld from employees or collected for taxes in a separate bank account/s and shall pay these funds to the proper authority when due.

DONE AND ORDERED in Jacksonville, Florida, this 28th day of January, 2009.

BY THE COURT



Chief United States Bankruptcy Judge