UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

HUBBARD PROPERTIES, LLC,            Case No. 8:11-bk-1274-KRM
                                                       Chapter 11
         Debtor.
_____/

## INTERIM ORDER AUTHORIZING DEBTOR'S USE OF
## CASH COLLATERAL AND GRANTING REPLACEMENT LIENS

THIS CASE came before the Court for a preliminary hearing on January 31, 2011, at 1:30 p.m. (the "**Preliminary Hearing**") on the *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Providing Adequate Protection* (Doc. No. 15) (the "**Motion**") filed by Hubbard Properties, LLC ("**Hubbard**" or "**Debtor**"). Through the Motion, the Debtor (1) seeks the entry of an interim order (this "**Interim Order**") immediately authorizing its use of property that may constitute "cash collateral" (as that term is defined in 11 U.S.C. § 363(a)) derived from the retail and entertainment complex owned by the Debtor located at Boardwalk Place in Madeira Beach, Florida (the "Property") *nunc pro tunc* to the filing date of January 27, 2011 (the "Petition Date"), (2) proposes certain adequate protection to entities that may have an interest in such property, and (3) requested that a subsequent final hearing be conducted at least fifteen (15) days after service of the Motion (the "**Final Hearing**") to consider entry of a final order approving all of the relief requested in the Motion (the "**Final Order**"). Appearances were made as reflected on the record. The Court, having considered the Motion, the arguments and proffers of counsel, the

record, and for the reasons stated orally and recorded in open court that shall constitute the Court's record, finds it appropriate to grant the relief requested. Accordingly, it is

**ORDERED**:

1. The Motion is **GRANTED**, on an interim basis subject to the terms and conditions set forth below.

2. A final hearing to consider the continued use of cash collateral and other relief sought in the Motion is scheduled for March 17, 2011 at ~~10:00 a.m.~~ 9:30 a.m. in Courtroom 9B, Sam Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida. KRM

3. At the Final Hearing, the Court may modify some or all of the provisions of this Interim Order. The Debtor is authorized to continue to use Cash Collateral pursuant to the terms of this Interim Order until the entry of an Order following the Final Hearing.

4. Subject to the terms and conditions of this Interim Order, the Debtor is authorized *nunc pro tunc* to January 27, 2011, to use property that may constitute "cash collateral" as that term is defined in 11 U.S.C. § 363(a) ("Cash Collateral") for ordinary expenses in compliance with the budget attached as **Exhibit "A"** (the "**Budget**"). Without the express written consent of Investors Warranty of America, Inc. ("IWA") the Debtor shall not exceed the Budget cumulatively, nor any individual line item by more than five percent (5%).

5. As adequate protection of any interest of IWA in Cash Collateral, IWA is hereby granted a replacement lien, to the same extent, validity, and priority as existed on the Petition Date, in Cash Collateral of the Debtor owned as of or acquired after the

Petition Date, which replacement liens shall be deemed perfected without the need for further action.

6. Effective as of the Petition Date, all rents, revenues, or income generated from the Property (the "Revenues") shall be paid directly to the Debtor, c/o Hubbard Properties, LLC, c/o Grubb & Ellis Management Services, 20 North Orange Avenue, Suite 500, Orlando, FL 32801 (the "Property Manager"), Attention: Accounts Receivable. The Property Manager shall deposit all Revenues into a segregated account in the name of the Debtor and shall pay the expenses as provided in the Budget from such Revenues as an authorized use of Cash Collateral. The Debtor, through the Property Manager is hereby authorized and directed to immediately notify all tenants and/or other parties obligated to pay any Revenues relating to the Property, payable to the Property Manager. The Property Manager shall provide both the Debtor and IWA, through its counsel, on a weekly basis, a report reflecting all collections of Revenues and payment of expenses in the same manner and form that was exchanged between the Debtor, IWA and the Property Manager, prior to the Petition Date.

7. Pending further Order of this Court, the Debtor shall not be required to make any adequate protection payments to IWA; provided however that this Interim Order is without prejudice to the rights of the Debtor, IWA, or any other party in interest with respect to the matters set forth in the Motion and this Interim Order.

8. The subject of this Interim Order is a "core" proceeding within the meaning of 28 U.S.C. § 157. Notice of the Preliminary Hearing on the Motion was

adequate and appropriate under the circumstances of this chapter 11 case as contemplated by 11 U.S.C. §102(l) and Fed.R.Bankr.P. 4001(b)(2).

9.  Any use of Cash Collateral since the Petition Date in accordance with the Budget and this Interim Order is hereby authorized pursuant to the applicable provisions of Section 363(c) of the Bankruptcy Code and Fed.R.Bankr.P. 4001(b)(2) as necessary to avoid immediate and irreparable harm to the estate, and all adequate protection provided for herein is enforceable to the extent of any use of Cash Collateral by the Debtors pursuant to this Interim Order.

**DONE and ORDERED** in Chambers at Tampa, Florida on February 22, 2011.

_____
K. Rodney May
United States Bankruptcy Judge

Copies furnished to:

**David S. Jennis**, Jennis & Bowen, P.L., 400 N. Ashley Drive, Suite 2540, Tampa, FL 33602
**United States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602
**Keith Fendrick**, Holland & Knight, 100 N. Tampa Street, Suite 4100, Tampa, FL 33602

# EXHIBIT "A"

|  | Account # | Jan-11 | Feb-11 |
|---|---|---|---|
| **INCOME** | | | |
| Gross Potential Rent | | 96,775 | 82,820 |
| Expense Reimbursements | | 25,633 | 36,189 |
| Other Rental Income | | 0 | 0 |
| Less: Concessions | | 0 | 0 |
| **TOTAL INCOME** | | **122,408** | **119,009** |
| | | | |
| **OPERATING EXPENSES** | | | |
| Property Taxes | | 0 | 0 |
| Property Insurance | | 0 | 0 |
| Utilities | | 24,100 | 35,000 |
| Janitorial | | 10,800 | 8,800 |
| Landscape | | 450 | 450 |
| Grounds & Parking Lot | | 3,500 | 100 |
| HVAC Maintenance | | 8,241 | 33,035 |
| Elevator Maintenance | | 0 | 0 |
| Safety & Life Security | | 150 | 1,750 |
| Repairs & Maintenance | | 22,858 | 33,008 |
| Parking Garage R&M | | 20,458 | 20,516 |
| Management Fees | | 4,896 | 4,760 |
| **TOTAL OPERATING EXPENSES** | | **95,453** | **137,419** |
| | | | |
| **NET OPERATING INCOME (LOSS)** | | **26,955** | **(18,410)** |
| | | | |
| **NON-OPERATING EXPENSES** | | | |
| General & Administrative | | 1,755 | 4,555 |
| Marketing & Leasing | | 2,000 | 10,000 |
| Non-Recoverable Expenses | | 0 | 0 |
| Debt Service | | 0 | 0 |
| Depreciation / Amortization Expense | | 0 | 0 |
| Capital Expenditures | | 0 | 50,000 |
| **TOTAL NON-OPERATING EXPENSES** | | **3,755** | **64,555** |